**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ███████████ | Case No. ████████ |
| Plaintiff, | **FILED UNDER SEAL PURSUANT LOCAL RULE 26.2** |
| v. | |
| The Corporations, Partnerships, and Unincorporated Associations Identified on Schedule "A", | **COMPLAINT** |
| Defendants. | |

## <u>COMPLAINT</u>

**FILED UNDER SEAL PURSUANT LOCAL RULE 26.2**

Plaintiff ███████████ ("Plaintiff") hereby brings the present action against the Corporations, Partnerships, and Unincorporated Associations identified on **<u>Schedule A</u>** attached hereto (collectively, "Defendants") and alleges as follows:

### I.    INTRODUCTION

1.    Plaintiff brings this action against the Defendants for the alleged infringement of Plaintiff's intellectual property rights. These claims arise under infringement of Plaintiff's registered design patents (hereinafter, the "Asserted Patents"). Defendants set up e-commerce stores on e-commerce platforms, such as ███████████, and operate such stores using one or more of their Aliases. Defendants are engaged in the manufacture, marketing, distribution, use, offering for sale, sale, and/or importation into the United States of certain unauthorized and unlicensed products, namely the ███████████, that looks almost identical to the products sold

1

by Plaintiff. Plaintiff alleges that Defendants' actions constitute an infringement upon Plaintiff's

Asserted Patent.

## II.    THE PARTIES

2.      Plaintiff is an individual residing in ████.

3.      Plaintiff is the lawful owner of the Patent No. ████████, titled "████

████████" (hereinafter, the "Asserted Patent").  A true and accurate copy of the issued

Asserted Patent is attached as Exhibit 1.

4.      Defendants, identified in Exhibit 2 of this Complaint (*Sealed*), are individuals and

business entities that own and operate one or more of the e-commerce stores with or under the

Aliases identified on Schedule A.

5.      The true names, identities, and addresses of Defendants are currently unknown and

unverifiable due to the nature of their online operations. Certain Aliases under which Defendants

operate their e-commerce stores are not linked or associated with the true names of the Defendants.

The reason why these Aliases are not connected with the true names of the Defendants is that

Defendants employed such tactics to conceal their identities and the true scope of their operation.

Plaintiff pleads with the Court that further discovery is allowed for Plaintiff to obtain such

information regarding the Defendants' true identities. Once Plaintiff obtains such information,

Plaintiff will amend the Complaint accordingly.

6.      Defendants conduct their illegal operations through fully interactive commercial

websites hosted on ████████ (hereinafter, "Infringing Website"). Each Defendant targets

consumers in the United States, including the State of Illinois, and has offered to sell and, on

information and belief, has sold and continues to sell counterfeit and/or infringing products that

violate Plaintiff's intellectual property rights ("Counterfeit Products") to consumers within the

2

United States, including the State of Illinois and the Northern District of Illinois. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

7.      Through the operation of their Infringing Website, Defendants are directly and personally contributing to, inducing, and engaging in the sale of Counterfeit Products as alleged, oftentimes as partners, co-conspirators, and/or suppliers.

### III.      NATURE OF THE ACTION

*8.*      This is a civil action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

### IV.      JURISDICTION AND VENUE

9.      This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the 28 U.S.C. §§1331 and 1338(a).

10.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 and 1400(a) in that the Defendants are entities or individuals subject to personal jurisdiction in this District, and this Court may properly exercise personal jurisdiction over Defendants. Each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through the fully interactive e-commerce stores[1] operating listed on e-commerce platforms under the seller aliases identified in Schedule A attached hereto (the "Aliases"). Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores on e-commerce platforms, such as ███████████████████████████. Defendants target the said consumers using one or more Seller Aliases, offer shipping to the said consumers located in the United States, including Illinois, accept payment in U.S. dollars, and, on information and belief, have sold products featuring Plaintiff's patented design to residents of Illinois. Each of the

---

[1] The e-commerce store URLs are listed on Scheduled A hereto under the Online Marketplaces.

3

Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

## V.   GENERAL FACTS

11.   Plaintiff is engaged in the business of manufacturing, distributing, and retailing consumer products throughout the world, including within the Northern District of Illinois District (collectively, "Plaintiff's Products"). Defendants' sales of similar and substandard copies of Plaintiff's Products ("Counterfeit Products") violate Plaintiff's intellectual property rights and are irreparably damaging Plaintiff.

12.   Plaintiff is the owner of all rights, title, and interest in and to U.S. Patent No. ███ ████████, titled "████████████████". The Asserted Patent was duly filed on ████ ████████████████████████, by the United States Patent and Trademark Office. The Asserted Patent is valid, subsisting, and enforceable, and claims an original and ornamental design.

13.   Plaintiff's Product is a unique and original design. ████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████ ████████████████████████████

14.   Plaintiff's Products have been widely promoted, both in the United States and throughout the world. The whole of the consuming public recognizes Plaintiff's Products as originating with Plaintiff but also recognizes that Plaintiff's Products sold in the United States originate exclusively from Plaintiff. As of the date of this filing, Plaintiff's Products are sold throughout the nation including on third-party platforms.

15.     The Asserted Patent has never been assigned or licensed to any of the Defendants in this matter.

16.     Defendants have had full knowledge of Plaintiff's ownership of the Asserted Patent, including its exclusive right to use and license such intellectual property.

17.     Recently, Plaintiff discovered some fully interactive and active e-commerce stores were promoting, advertising, marketing, distributing, offering for sale, and selling products using unauthorized Plaintiff's Asserted Patent through at least the fully interactive e-commerce stores operating under the seller aliases identified in Schedule A. These stores are compiled in Schedule A as the intended Defendants.

18.     Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Defendant Internet Stores, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts, and, on information and belief, have sold infringing Products to residents of Illinois.

19.     Defendants operating under the Seller Aliases are sophisticated sellers. They operate e-commerce stores, engage in marketing and sales activities, and accept payments in U.S. dollars via credit cards, ████████████████████████████. To the consumers at large, it would also be impossible for the consumers to realize that the Defendants did not have the authorization to market, offer to sell, or sell the products with the Patent.

20.     Third-party e-commerce platforms, such as ███████, do not require sellers to verify their true identities beyond the provision of their seller aliases ("Aliases"). This lack of identity verification requirements creates loopholes that Defendants exploit. Upon information and belief, Defendants register and operate multiple Aliases on these platforms, through which they

market and sell products. By using these Aliases, Defendants intentionally conceal their true identities and the full scope of their infringing activities. For example, when a claimant (such as Plaintiff in this case) identifies tortious conduct or patent infringement linked to a particular Alias, the claimant may attempt to assert claims against the individual or entity behind the Alias. In response, the individual or entity can simply close the account associated with that Alias and transition to another pre-existing or newly created Alias and account, thereby avoiding liability associated with the prior infringing activity. For claimants, including patent owners such as Plaintiff, pursuing enforcement becomes an endless "whack-a-mole" game, making it extremely difficult to hold infringers accountable and resulting in a lack of effective deterrence against continued infringement.

21.     Defendants are proper joinders of the action Under Rule 20 of Federal Rules of Civil Procedure, multiple parties may be joined in one action as defendants if (1) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action.

22.     Substantial evidentiary overlap is required to find a similar transaction or occurrence to find a joinder proper. *Roadget Bus. Pte. Ltd. v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Schedule A Hereto*, 2024 WL 1858592, at *6 (N.D. Ill. Apr. 29, 2024). Despite the challenges in obtaining the true identities of the Defendants due to their use of Aliases and the lack of stringent identity verification by third-party platforms, Plaintiff has observed that Defendants share unique identifiers that suggest a strong connection between them[2]. These identifiers include the use of similar marketing strategies,

---

[2] The unique identifiers are not just common elements visible in ordinary online stores. The

6

consistent elements in the design and decor of their e-commerce stores, identical or similar payment methods, and similar product descriptions, prices, and images.

23.     In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

24.     On information and belief, e-commerce store operators like Defendants are also in constant communication with each other and regularly participate in WeChat groups and through websites such as seller defense.cn and kuajingvs.com regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

25.     Further, infringers such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of plaintiffs' enforcement efforts, such as take-down notices. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court.

26.     On information and belief, Plaintiff has reasonable believe that the majority of Defendants source their products from a common origin.

---

Court shall not assume coincidence between Defendants and construe the complaint "in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences" in favor of the plaintiff. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))

27.     Defendants knowingly and willfully manufacture, import, distribute, offer for sale, and sell Infringing Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use the same product that infringes directly and/or indirectly Plaintiff's Asserted Patent. Each e-commerce store operating under the Alias offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold Infringing Products into the United States and Illinois over the Internet.

28.     Defendants' infringement of Plaintiff's Asserted Patent in connection with the making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the Infringing Products, including the making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of Infringing Products into Illinois, is and has been willful and irreparably harming Plaintiff.

29.     Plaintiff's works are original and creative two-dimensional visual designs made specifically for decorative purposes. These artistic patterns are intended to enhance the appearance of jewelry and related products and reflect Plaintiff's distinct creative style in the use of shape, line, and composition.

## COUNT I
## PATENT INFRINGEMENT
### (35 U.S.C. § 271)

30.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

31.     Plaintiff is the owner of the Asserted Patent. Plaintiff's Asserted Patent is valid and enforceable.

32.     Plaintiff's exclusive rights include the rights to issue licenses, to reproduce, to distribute copies of, to display, and to authorize the creation of derivative works based on the Asserted Patent.

33.     Defendants, in violation of 35 U.S.C. § 271, have infringed Plaintiff's Asserted Patent by making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products in the United States without authorization or license from Plaintiffs. Defendants infringed directly and/or indirectly the ornamental design claimed in Plaintiff's Asserted Design Patent.

34.     Defendants have infringed the Asserted Patent and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiffs to suffer irreparable harm. Plaintiff is entitled to the entry of injunctions enjoining the Defendants from further infringing Plaintiff's patent rights, pursuant to 35 U.S.C. § 283.

35.     Defendants have willfully and deliberately infringed the claims of the Asserted Patent. Defendant's infringement of the Asserted Patent is obvious, notorious, purposeful, and in disregard of and indifferent to the rights of Plaintiff. Defendants have no good faith basis that the Unauthorized Products do not infringe the Asserted Patent. The willful infringement, without regard to Plaintiff's patent rights, constitutes egregious and wanton conduct sufficient to establish willful infringement under 35 U.S.C. § 284.

36.     Defendants have profited by their infringement of the Asserted Patent. Plaintiff has suffered, and is continuing to suffer, damages as the Defendants' infringement of the Asserted Patent, and Plaintiff is entitled to compensation, including Defendants' profits, and other monetary relief to the fullest extent allowed by law, including attorneys' fees, pursuant to 35 U.S.C. §§ 284, 285, and 289.

## JURY DEMAND

37.     Plaintiff hereby demands a trial of this action by jury.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.  A judgment against Defendants as to infringement of the claims of Asserted Patent.

2.  An order enjoining Defendants, their officers, agents, employees, affiliates, and all persons acting in concert with them from further acts of infringement of the Asserted Patent, including but not limited to making, using, selling, offering to sell, importing, copying, displaying, or distributing the infringing products or works;

3.  An order directing any third-party platforms, including but not limited to ██████████ ██████████ and similar providers, to disable and remove any listings, advertisements, or sales channels operated by Defendants in connection with the infringing products;

4.  An order requiring Defendants to file a written report under oath, within ten (10) days of judgment, detailing the manner and form in which they have complied with the injunction;

5.  An award of damages adequate to compensate Plaintiff for Defendants' infringement of the Asserted Patent, including actual damages, a reasonable royalty, and disgorgement of profits attributable to the infringement, in amounts to be proven at trial;

6.  An award of enhanced damages up to three times the assessed amount for willful patent infringement, pursuant to 35 U.S.C. § 284;

7.  A finding that this is an exceptional case under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees and costs;

8. An award of pre- and post-judgment interest as permitted by law;

9. Such other and further relief as the Court may deem just and proper.

Dated: May 28, 2025

*Marjorie Ouyang*

Respectfully submitted
By: /s/ *Marjorie Ouyang*
Alioth Law LLP
One Park Plaza, #600
Irvine, CA 92614
Marjorie.Ouyang@aliothlaw.com
*Attorney for Plaintiff*

Schedule A

Exhibit 1

Exhibit 2